**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES JONES, <br><br>     Plaintiff, <br><br> v. <br><br> R.W. NIPPER, *et al.*, <br><br>     Defendants. | Case No. CV 09-5679 PSG (JCG) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint ("SAC"), the Magistrate Judge's Report and Recommendation, Plaintiff's Objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

Plaintiff's Objections generally reiterate the arguments made in the Second Amended Complaint and Opposition to Defendants' Motion to Dismiss, and lack merit for the reasons set forth in the Report and Recommendation.

There is one issue, however, that warrants brief amplification here. In his Objections, Plaintiff suggests, *for the first time*, that he may have been pushed and/or slapped by his former cellmate on more than one occasion. (Obj. at 7-10.) But Plaintiff's latest version of the events is not supported by the actual allegations of the SAC. In the SAC, Plaintiff alleges that his cellmate pushed him only once,

and never alleges that his cellmate slapped him. (*See* SAC at 11, 15-17, 43-44.) Indeed, in the original Complaint and the First Amended Complaint, Plaintiff did not allege, *at all*, that his cellmate pushed or slapped him. (*See* Compt. at 8-9; FAC at 8-9.); *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (explaining that "a court may not look beyond the complaint" with respect to a dismissal motion).

Additionally, even assuming, *arguendo*, that Plaintiff's new, outside-of-the-pleading allegation was considered, Plaintiff still falls short of plausibly alleging a harm of constitutional magnitude that violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. As the U.S. Supreme Court teaches, Plaintiff must allege an "*objectively*, sufficiently serious" "condition[] posing a *substantial risk of serious harm*." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (emphasis added). Plaintiff fails to do so here. *Id.* at 833 (holding that "not ... every injury suffered by one prisoner at the hands of another ... translates into constitutional liability."); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted.
2. Judgment be entered dismissing this action with prejudice.
3. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: December 8, 2011

_____
HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE